### NEWCOMB v. LA ROE. (No. 7036.)

(Supreme Court, Appellate Division, First Department. April 9, 1915.)

1. TRIAL ☞177—DIRECTION OF VERDICT—MOTION FOR DIRECTED VERDICT.
　　Where, at the close of the evidence, both parties moved for a directed verdict, the questions of fact were left to the court.
　　[Ed. Note.—For other cases, see Trial, Cent. Dig. § 400; Dec. Dig. ☞177.]

2. MONEY LENT ☞7—COMPENSATION FOR SERVICES—EVIDENCE—SUFFICIENCY.
　　In a suit to recover moneys advanced by plaintiff's testator to defendant, evidence *held* to show that the sums were advances for services rendered.
　　[Ed. Note.—For other cases, see Money Lent, Cent. Dig. §§ 11–13; Dec. Dig. ☞7.]

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. JUDGMENT ☞721—CONCLUSIVENESS—MATTERS ADJUDICATED.

Defendant, who performed services for plaintiff's testator, was bequeathed a legacy and an annuity. She presented a claim against the estate for services rendered, and plaintiff sued for a construction of the will, to determine whether her acceptance of the legacy and annuity barred her claim. The trial court found in defendant's favor on her claim for services. The findings on appeal were reversed, on the theory that the validity of the claim was not in issue. At that time there was pending a suit for advances made by the testator. *Held*, that the judgment on appeal in the will case did not adjudicate that advances made by the testator were not for services rendered, and in a suit for advances that question could be litigated.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1238, 1252; Dec. Dig. ☞721.]

Appeal from Trial Term, New York County.

Action by Warren P. Newcomb, as executor of the last will and testament of H. Victor Newcomb, deceased, against Jeanne La Roe. From a judgment for defendant, plaintiff appeals. Affirmed.

See, also, 162 App. Div. 906, 146 N. Y. Supp. 1102.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, DOWLING, and HOTCHKISS, JJ.

D. Cady Herrick, of Albany, for appellant.

Nelson L. Robinson, of New York City, for respondent.

LAUGHLIN, J. [1] This action was brought on the theory that $757.50, advanced by the plaintiff's testator for the purchase of a bond for the defendant by the stockbrokerage firm of Degener & Burke, and other moneys, aggregating $507.56, advanced by him to her for her account with said firm, or paid to said firm by him for her account, constituted loans from him to her, aggregating $1,265.06, and judgment was demanded for that amount. The defendant pleaded payment, and proved the repayment of $500 by her check, and that evidence is uncontroverted. At the close of the evidence, both parties moved for a direction of a verdict, thus leaving the facts to the court, and a verdict was directed for the defendant.

[2, 3] The principal contention made by the appellant is that the judgment of this court on the appeal in another action, known as "Action No. 1," which was by the same plaintiff against the same defendant, and was for the construction of the will of plaintiff's testator with respect to the effect, on a claim for services made by the defendant, of a legacy and an annuity to her, and in the event that it should be decided that the acceptance of the legacy and annuity did not constitute payment of her claim for services to have the amount of her claim for services determined, constitutes a conclusive adjudication that none of the moneys sought to be recovered in this action were advanced to the defendant on account of services, or were by agreement between her and the testator, express or implied, to be applied on or toward the payment of her claim for such services. This contention is based upon the reversal by this court on the appeal in the other action (Newcomb v. La Roe, 160 App. Div. 819, 146 N. Y. Supp. 133) of the eleventh and twentieth findings of fact made therein by the trial court.

The defendant concededly was in the employ of the testator as nurse and housekeeper on the 2d day of November, 1911, when he died. After his death, she presented to the executor a duly verified claim against the estate for professional services as nurse to the testator from the 29th of April, 1907, to the 29th of April, 1908, at the rate of $30 per week, and from the last-mentioned date to the date of his death as nurse and housekeeper, at the rate of $40 per week, aggregating $8,-880, less a credit of $1,300.47, which she stated in her claim was for "payments made on account." The plaintiff's theory in the other action, as shown by the complaint therein, was that the provisions made for the defendant by the testator in his last will and testament, by which he gave her a legacy of $4,000 and an annuity of $1,400 for life, were in lieu of and in satisfaction of any claim she might have for services, and that, having accepted and retained part of each, she had conclusively elected to take the same in satisfaction of any claim she might otherwise have had for services.

The defendant, by her second amended answer, which was her last pleading in the other action, admitted payments aggregating $2,012.78 on account of services, or over $700 more than she credited on the claim presented to the executor, and she also thereby admitted that the testator had paid out on her account the sum of $1,265.06, for which amount she had given credit in arriving at the balance which she claimed was owing to her. The items of moneys paid or advanced by the testator on account of the defendant, which make up the aggregate of the amount for which this action is brought, are the same items with which in the other action she so credited the estate.

The other action, as appeared by the record on appeal, which we reviewed, was pending, and the issues upon which it was tried and decided had been joined when the complaint in this action was served. It also appeared by that record that the defense of payment had been interposed in this action, and that the issues herein had been tried and submitted to the trial court for decision prior to the trial of the issues in the other action, and that on the trial of the issues herein the defendant had proved payment of $500 on account of the moneys sought to be recovered herein by her check to the order of the testator, which check was also introduced in evidence on the trial of the issues in the other action. It further appeared by the other record that the defendant had in this action pleaded the pendency of the other action as a bar, and that in her account annexed to her answer in the other action she had credited the plaintiff with the amount for which she was sued herein. By the eleventh finding of fact, the trial court in the other action found that the defendant had been paid on account of her claim for services, which was therein found to be $7,054.28, the sum of $2,010.06, which was the amount, less $2.72, admitted by the account annexed to her answer; and by the twentieth finding of fact, it found that there was included in such payments "the identical items and all of the items" for which the plaintiff sought a recovery in this action.

Counsel for the plaintiff on the appeal in the other action argued that the correctness of the defendant's account annexed to her answer in

that action had not been litigated by the plaintiff, owing to the fact that the plaintiff therein made no claim for a credit therein for the amount defendant thus credited by her answer, and to the further fact that plaintiff therein did not concede the disbursements therein claimed to have been made by defendant on the testator's account, and that this resulted from an announcement by the trial court that, if necessary, a reference would be ordered to determine the correctness of defendant's account in so far as the parties failed to agree with respect thereto, and that the court thereafter, without notifying counsel of a change in the ruling in this respect, determined, without other evidence than the pleadings, that her account was correct, and on that basis made the findings to which reference has been made.

Counsel for plaintiff also claimed that the correctness of defendant's account in so far as it embraced said credit was not a proper matter to be litigated in that action but was properly at issue herein. On the review of the trial in the other action, counsel for the plaintiff therefore urged, in effect, that these findings be reversed on the ground that there was no evidence to sustain them, and argued that, if they were not reversed, the judgment might bar a recovery in this action. We accepted the theory of counsel for plaintiff in the other action, and we deemed it sufficient to find generally in the other action that the defendant had been paid in full for her services, and, since the parties had already tried and submitted to the court for decision the issues in this action, we determined to reverse the two findings to which reference has been made, and to substitute therefor a general finding to the effect, as contended by plaintiff, that without regard to any specific items of payment the defendant had been paid in full for the services for which she counterclaimed in that action.

The record in the action now before the court shows a trial of the issues herein since our decision of the appeal in the other action, without disclosing how the issues again came before the court for trial. At the commencement of the trial now under review, the defendant's pleading evidently stood as already stated, constituting an admission of the payments or advances made on her account by the testator, with a plea of repayment by her, and that the same issues were involved in the other action. The defendant, having the affirmative, proceeded to offer evidence, and at the outset the question evidently was presented as to whether, under the answer, the defendant could prove that the moneys were paid by the testator on account of defendant's services and were therefore not to be repaid. The court ruled against the defendant on that point, but permitted an amended answer to be interposed, by which the defendant abandoned all reference to the other action, and merely pleaded payment and that the moneys were advanced to apply on her claim for services. The defendant, after having offered certain of the findings made in the other action, and after a question with respect to the admissibility of one of them under the answer before amendment thereof had arisen and the amended answer had been interposed as stated, offered the judgment roll in the other action, which included the order of this court and the judgment as modified in accordance therewith, and it was received in evidence.

The defendant then rested, and a motion made by counsel for the plaintiff for the direction of a verdict was denied. The attorney for the plaintiff then took the stand, and testified, among other things, that the claim upon which this action is based was not litigated in the other action, and that the plaintiff served a reply therein containing a general plea of payment to the defendant's counterclaim, but made no claim to a credit on account of the payments or advances herein sued for. The defendant then took the stand and gave certain general evidence, but of course was precluded, by the provisions of section 829 of the Code of Civil Procedure from testifying with respect to any personal transactions between her and the testator. The case as developed by the evidence and findings on the trial of this action, and the will, which was received in evidence, presents the same general situation with respect to the relations between the testator and the defendant as that presented by the record on the appeal in the other action ; and further evidence tending to support defendant's contention that the moneys sought to be recovered herein were expended by the testator on account of wages owing or to grow due to defendant, and were intended by him to apply thereon.

On the trial of this action part of a letter written by the testator to the firm of stockholders with whom the defendant's account was opened, which was not in the record on the appeal in the other action, was received in evidence, and it tends to support the view that the advances which he made for the defendant were intended to apply on her claim for services, for he therein stated, in effect, that any profit on that account would apply on her wages and relieve him from paying therefor out of his own pocket. She evidently was not aware of the existence of that letter when she prepared her account, and in the light of it her account should not be deemed an admission by her inconsistent with the letter.

Notwithstanding the contentions made in behalf of the plaintiff on the appeal in the other action, which resulted in the reversal of the eleventh and twentieth findings of fact, and the testimony of the attorney for the plaintiff on the trial of this action, to the effect that the issues herein were not litigated in the other action, it is now argued by counsel for appellant that the decision of this court in the other action is res adjudicata that the moneys for which the plaintiff seeks to recover herein were not paid to the defendant or for her account on account of services. This contention is erroneous both as matter of fact and law. It is manifest in the circumstances that this court by the reversal of those findings merely intended that the decision should not be deemed a bar to this action, and that the parties should be left to litigate the question in this action as to whether or not the moneys paid out by the testator to or for the defendant were then or subsequently deemed by him and her to have been paid on account of wages.

It is manifest, in view of the relations existing between the testator and the defendant, as they changed and developed, as shown in our former opinion, that in whatever arrangement or agreement was made between them with respect to the payment for her services the advances, or payments for which a recovery is sought herein, *if* made

for her account by the testator, were taken into consideration, and that he did not intend to retain a claim against her for such moneys.

The judgment is therefore right, and should be affirmed, with costs. All concur.